RECEIVED
IN ALEXANDRIA, LA.
JAN 2 5 2013
TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| **BENNIE J. BAHAM, JR.** | **CIVIL ACTION NO. 12-1156** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **PACKAGING CORP. OF AMERICA** | **MAGISTRATE JUDGE KIRK** |

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendant Packaging Corporation of America ("PCA").[1] For the reasons expressed below, the court finds that the motion should be GRANTED in full and plaintiff's claims against PCA should be denied and dismissed with prejudice at plaintiff's expense.

### I.   RELEVANT FACTS

Plaintiff Bennie Baham, Jr. is a former employee of defendant PCA.[2] Plaintiff was hired on November 4, 2008 as a safety inspector for PCA and continued in this employment until his termination on April 1, 2011.[3] Plaintiff alleges that he was terminated for refusing to falsify documents and reports and, additionally, for reporting that his supervisor, Max Alston ("Alston") asked him to falsify a report regarding spinal cracks in certain "wet felt rolls" in March of 2011.[4] Plaintiff further alleges that, the following day, Alston requested that plaintiff climb into a dryer section of machinery and perform maintenance. Plaintiff refused, claiming that to have done as

---

[1] R. 16.
[2] R. 1-1 at ¶ 6.
[3] Id. at ¶ 7.
[4] Id. at ¶ 9.

1

Alston requested would have constituted a violation of "safety code" and "state laws."[5] Plaintiff asserts that he reported Alston's request and the reasons for his refusal to comply to both Anil Setby and the PCA safety manager, which plaintiff claims angered Alston.[6]

Plaintiff filed suit on March 28, 2012, alleging that PCA violated the Louisiana and Illinois whistleblower statutes and further alleging PCA's liability for the intentional infliction of emotional distress ("IIED") under Louisiana law.[7] Defendant filed the instant motion for summary judgment with leave of court on or about December 10, 2012. The motion was set for hearing without oral argument on the court's January motion calendar with notice to all parties.[8] The Notice of Motion Setting issued by the court granted plaintiff twenty-one (21) days from the service of the motion for summary judgment in which to file any desired opposition pursuant to Local Rule 7.5.[9] As of the date of this memorandum ruling, defendant's motion remains unopposed.[10]

Defendant also filed, more recently, a motion for continuance of the February 25, 2013 trial of this matter based on the pendency of the motion for summary judgment. For the reasons expressed below, we find that plaintiff's claims should be dismissed with prejudice and that, accordingly, no trial of this matter will be necessary. Defendants' motion for continuance of the trial date will be denied as moot.

## II. APPLICABLE STANDARD

Summary judgment under Fed. R. Civ. P. 56 is appropriately granted only when the movant shows that there exists no genuine dispute as to any material fact and, therefore, the

---

[5] Id. at ¶ 10.
[6] Id. at ¶ 10-11.
[7] R. 1-1 at pp. 3 – 5.
[8] R. 17.
[9] Id.
[10] The court notes that no extensions of time for the filing of an opposition were sought by plaintiff.

movant is entitled to judgment as a matter of law.[11] A dispute is "genuine" when the evidence provides a basis for a reasonable jury to return a verdict in favor of the nonmoving party.[12] The existence of a genuine dispute as to any material fact precludes a grant of summary judgment.

Any party seeking summary judgment must cite particular portions of the record, which may include depositions, documents, affidavits or declarations that support the absence of a genuine dispute concerning one or more materials facts.[13] Alternatively, the movant may point out portions of the record which demonstrate the non-moving party's inability to produce evidence in support of one or more claims.[14]

The evidence produced by the parties in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[15] In reviewing the motion, the court will view the evidence in the light most favorable to the non-moving party.[16] The nonmoving party must, however, offer evidence amounting to more than mere "metaphysical doubt."[17]

### III.  ANALYSIS

<u>Plaintiff's claim under La. R.S. 23:967</u>

Plaintiff's complaint alleges that PCA violated Louisiana's Whistleblower Statute, La. R.S. 23:967, which provides, in part, that

> [a]n employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:

---

[11] Fed. R. Civ. P. 56(a).
[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986); Little v. Liquid Air Corp., 952 F.2d 841, 847 (5th Cir. 1992).
[13] Fed. R. Civ. P. 56(c)(1).
[14] Id.
[15] Fed. R. Civ. P. 56(c)(2).
[16] Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Allen v. Rapides Parish School Bd., 204 F.3d 619 (5th Cir. 2000); In re Municipal Bond Reporting Antitrust Litigation, 672 F.2d 436 (5th Cir. 1982).
[17] Scott v. Harris, 550 U.S. 372 (2007); Meyers v. M/V Eugenio C., 919 F.2d 1070 (5th Cir. 1990).

>   (1)   Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
>   (2)   Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
>   (3)   Objects to or refuses to participate in an employment act or practice that is in violation of law.

PCA asserts that, pursuant to La. R.S. 23:302, Louisiana's Whistleblower Statute only applies to "employers[,]" which the statute defines as an employer employing twenty or more employees within the State of Louisiana for each working day of twenty or more calendar weeks in the current or preceding calendar year. PCA offers the Declaration of PCA Chief Executive Officer Mark Kowlzan, which states that, at all times relevant to this suit, PCA maintained fewer than twenty employees in Louisiana.[18]

Plaintiff's complaint sets forth no factual allegations regarding the application of the Whistleblower statute to PCA as an "employer" within the meaning of the statute. Accordingly, we find that plaintiff fails to demonstrate the existence of a genuine issue of material fact regarding the applicability of Louisiana's Whistleblower Statute to PCA in this case.

PCA also asserts that the violations alleged in plaintiff's complaint all occurred outside of the State of Louisiana. Specifically, PCA argues that plaintiff was located in Griffin, Georgia when he was allegedly asked to falsify a written report on the condition of a wet felt roll, which was also located at Griffin, Georgia. PCA also points out that Kowlzan, who terminated plaintiff, is located at PCA's headquarters in Illinois and was so located when he decided to terminate plaintiff.

---

[18] R. 16-5 at ¶ 4.

As argued by PCA, La. R.S. 23:967(B) instructs that a plaintiff asserting a violation of the Whistleblower Statute may file a civil action in the Louisiana district court where the alleged violations of the statute occurred. Plaintiff's complaint contains no factual allegations which contradict PCA's argument as to the location of the alleged wrongdoing at issue in this case. Accordingly, we find that plaintiff fails to show the existence of a genuine issue of material fact regarding the applicability of the Louisiana Whistleblower Statute to plaintiff's allegations in this case.

PCA further points out that plaintiff is unable to articulate any law or regulation he was asked to violate by PCA and offers no evidence that his termination was motivated by his failure to engage in such violation. The Louisiana Whistleblower Statute requires that plaintiff demonstrate the violation of an actual law or regulation and that plaintiff was terminated as a result of refusing to comply with his employer's ongoing or proposed violation.[19] PCA points out that plaintiff's own deposition testimony affirms that he called Mr. Alston "a liar" and that Kowlzan's declaration shows that he believed that plaintiff was not satisfactorily performing his job; that he was insubordinate toward his supervisor and that terminating plaintiff was the right decision for the good of PCA.[20] For these reasons, PCA asserts that it has demonstrated that plaintiff was terminated for legitimate, non-retaliatory reasons.

At the summary judgment stage of litigation, plaintiff is required to come forward with specific factual allegations in support of the required elements of his claim once such claim is challenged. Plaintiff has not responded in opposition to the motion and, for that reason, the court finds that plaintiff fails to present evidence sufficient to create a genuine issue of material fact regarding PCA's entitlement to summary judgment on this issue.

---

[19] La. R.S. 23:967(A); Diaz v. Superior Energy Services, LLC, 2008 WL 3077071 (E.D. La. 2008).
[20] R. 16-1 at pp. 5-6.

Plaintiff's claim under 740 ILCS 174/20

PCA points out that, like Louisiana's statute, Illinois' Whistleblower Statute requires that a plaintiff demonstrate (1) that plaintiff refused to participate in an actual violation of state or federal law, rule or regulation; and (2) that plaintiff's employer retaliated against him based on such refusal.[21] PCA asserts that, for the same reasons plaintiff's Louisiana law claim fails, his Illinois claims must also fail. The court agrees, noting, again, that plaintiff offers no evidence in support of his Illinois whistleblower claim and, therefore, demonstrates no genuine issue of material fact as to PCA's entitlement to summary judgment on such claim.

Plaintiff's IIED claim

PCA asserts that plaintiff's Louisiana law IIED claim fails because plaintiff offers no evidence in support of the essential elements of such claim. As argued by PCA, a plaintiff alleging IIED under Louisiana law must demonstrate: (1) extreme and outrageous conduct by the defendant; (2) severe emotional distress suffered; and (3) that the defendant desired or was substantially certain that severe emotional distress would result from the alleged conduct.[22] While plaintiff's complaint repeats these required elements, it offers no factual allegations which tend to show conduct rising to the level required by applicable case law.[23]

Louisiana courts define "extreme and outrageous" behavior as that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[24] As argued by PCA, plaintiff presents absolutely no evidence of conduct rising to this level and,

---

[21] Id. at pp. 7-8.
[22] White v. Monsanto Co., 585 So.2d 1205 (La. 1991).
[23] R. 1-1 at ¶¶ 20-23.
[24] Monsanto, 585 So.2d at 1209.

6

therefore, has failed to demonstrate a genuine issue of material fact as to PCA's entitlement to summary judgment on this claim.

## IV.  CONCLUSION

The court has carefully reviewed PCA's motion for summary judgment and plaintiff's complaint, noting the absence of any response in opposition to the motion by plaintiff, and finds that the motion should be granted for the reasons stated above.

The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**January 25, 2013**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE